**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

       **-against-**                                      **MEMORANDUM AND ORDER**

**MORDECAI ABRAHAM SORCHER,**                   **05-CR-799 (NG)**

                    **Defendant.**
-------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In a single sentence contained in his reply memorandum filed on December 20, 2006 ("Def. Reply"), defendant Abraham Sorcher demands "the names of all the compliance officers who participated in the seizure" and the immediate production of "all government agency documents related to the seizure . . . ." Def. Reply at 16. The government has now consented to provide the names of the participating compliance officers "well in advance of the scheduled hearing date,"[1] but opposes the production of agency documents beyond those previously produced by the government. 12/21/06 Letter to the Court from Assistant United States Attorney Daniel Brownell ("Gov. Letter") at 1.[2] The government contends that the defense request "is beyond the scope of what is required by Fed. R. Civ. P. 16." Id.

---

[1] The government is directed to disclose the names of the compliance officers by January 10, 2006, along with information as to whether the government will, at defendants' request, produce any or all of them at the suppression hearing. If any such compliance officers would have to be subpoenaed by the defense, the government shall, by that same date, provide defense counsel with the address(es) at which the witness(es) can be served.

[2] The government reportedly has produced all of the documents seized from the Yeshiva and all of the documents the government intends to offer at the hearing. See Gov. Letter at 1.

Defendant's demand for "all government agency documents related to the seizure" contains no citation to any relevant statute, rule, or caselaw. The government must, of course, satisfy its obligations under Rule 26.2 of the Federal Rules of Criminal Procedure, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Beyond that, the defense application is denied.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**December 22, 2006**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**