**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

       **-against-**                                  **MEMORANDUM AND ORDER**

**MORDECAI ABRAHAM SORCHER,**                 **05-CR-799 (NG)**

                **Defendant.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

        In a letter dated December 23, 2006 ("Def. Letter"), defendant Mordecai Sorcher seeks reconsideration of this Court's order of December 22, 2006 (the "Order"), which denied his request for the immediate production of all agency documents related to the seizure that is the subject of an evidentiary suppression hearing scheduled for February 6, 2007. The Court's Order noted that the defense request (contained in a single paragraph in Point III of his Reply Memorandum of Law) was devoid of any citation to supporting authority. See Order at 2. In seeking reconsideration of the Order, defendant contends that other portions of his Reply -- specifically Points IV and I(C) -- contain "authority for ordering disclosure of the documents . . . ." Def. Letter at 1.

        Having reviewed the referenced sections in defendant's Reply Memorandum, the Court adheres to its Order. Point III of the Reply demanded the "immediate[]" production of agency documents "[i]n order to prepare for the [suppression] hearing . . . ." Reply at 16. Points I(C) and IV have no bearing on the suppression hearing -- Point I(C) concerns defendant's

alleged need for discovery in connection with his motion to dismiss;[1] Point IV concerns his claimed need for information to enable him to defend the charges at trial. See Reply at 12, 17. Defendant's citation in his Reply to Rule 16 of the Federal Rules of Criminal Procedure, and to Rule 702 of the Federal Rules of Evidence, does not advance his argument that he is entitled to immediate production of all agency documents *in advance of the suppression hearing*. Whether he is entitled to production at any time is a matter that counsel may argue on February 6th.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**December 28, 2006**

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] That motion is pending before Judge Gershon.